**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA WICKENS, on behalf of herself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2019-CV-6100 |
| THYSSENKRUPP CRANKSHAFT CO, LLC | ) ) ) | Hon. Robert M. Dow, Jr. |
| Defendant. | ) ) | |

**REVISED JOINT INITIAL STATUS REPORT**

Pursuant to Judge Dow's May 18, 2020 minute order, the parties submit their revised status report as follows:

**Status**

The Court previously ordered a limited stay until April 13, 2020 to accommodate settlement discussions which are ongoing. ECF 24 & 26. The stay has been extended by the COVID-19 pandemic standing orders. During this time, Defendant collected and produced class wide payroll data and other documents regarding payroll practices. After reviewing the information produced by Defendant, Plaintiff made a settlement demand on May 8, 2020. Defendant intends to respond the settlement demand, but due to the urgent and ongoing business pressures of managing labor and operational issues through the COVID-19 pandemic, the company's ability to obtain the necessary approvals for a class and collective settlement has been delayed. Defendant, however, expects to be able to make a counteroffer in the next few weeks and is optimistic that the parties will be able to come to agreement. The Parties therefore request that the stay be extended.

To accommodate the Parties' settlement discussions, Defendant was granted an unopposed extension of time to file its responsive pleading. ECF 23. As noted above, the Court subsequently stayed the case for 90 days. ECF 26. The stay was subsequently extended by the recent the COVID-19 pandemic standing orders. Defendant therefore has not filed a responsive pleading.

**1. The Nature of the Case**

   **A. Attorneys of Record**

| Plaintiffs' Attorneys | Defendants' Attorneys |
|---|---|
| David Fish* | Thomas E. Ahlering* |
| John Kunze | Andrew R. Cockroft |
| Kim Hilton | Kyle A Petersen* |
| The Fish Law Firm, P.C. | Seyfarth Shaw LLP |
| 200 East 5th Avenue, Suite 123 | 233 S. Wacker Drive, Suite 8000 |
| Naperville, IL 60563 | Chicago, Illinois 60606-6448 |

*Indicates lead trial attorney

## B. Basis for Federal Jurisdiction

This is a collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") pursuant to 29 U.S.C. § 216(b) and supplemental jurisdiction for claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23 under the Biometric Information Privacy Act ("BIPA"), 735 ILCS 14/1 *et seq.* pursuant to Fed. R. Civ. Pro 23.

## C. Nature of the Claims

Plaintiff alleges Thyssenkrupp did not pay Plaintiff and similarly situated employees proper overtime wages of one and one-half time their regular rate of pay for all hours worked above forty hours in a work week. Specifically, Plaintiff alleges compensation for things such as shift premiums and training were excluded from their hours worked and/or the regular rate of pay for determining overtime. Plaintiff also assert a class action claim under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq., for Defendant's alleged unlawful collection, possession, and dissemination of Plaintiff's biometric fingerprint identifiers and information through use of a finger scan time-keeping system.

## D. Major Legal and Factual Issues in the Case

(i) Whether Defendant properly calculated the regular rate of pay for purposes of Plaintiff's overtime pay.

(ii) Whether Defendant properly captured all time worked for purposes of calculating Plaintiff's overtime pay.

(iii) Whether Plaintiffs and the potential class used Defendant's finger scan timekeeping system in Illinois.

(iv) Whether Defendant collected Plaintiff's and the potential class's biometric identifiers or information through their finger scan time-keeping system.

2

(v) Whether Defendant collected Plaintiff's and the potential class's biometric identifiers and information without following the informed written consent

(vi) Whether Defendants possessed Plaintiffs' and the potential class's biometric identifiers or information without establishing a publicly available retention/destruction policy as required by 740 ILCS 14/15(a).

(vii) Whether collective or class certification of Plaintiff's claims is appropriate.

E. **Discovery:** Plaintiff issued written discovery prior to Defendant filing its responsive pleading and prior to the Parties' exchanging disclosures pursuant to the Mandatory Initial Disclosure Pilot requirements. Defendant therefore objected that the discovery was premature. Thereafter the Court stayed the case and no formal discovery has been completed. In connection with good faith settlement discussion, however, Defendant, produced documents to Plaintiff, including class-wide payroll data, documents regarding Defendant's pay practices and policies, and data regarding the size of the putative BIPA class. As a further result of the stay, depositions have been taken or are scheduled. In the event the parties are unable to reach an agreement, Defendant will file its responsive pleading in accordance with any deadline established by the Court, will comply with the Mandatory Initial Disclosure Pilot, and respond to Plaintiff's discovery responses when properly served.

It is the Parties' understanding that the current fact discovery deadline of August 20, 2020 remains on calendar. ECF 15. The parties request that this discovery deadline be extended or stayed while the parties are attempting to settle this matter. If the Parties are unable to finalize a settlement, the Parties agree to conduct a Rule 26 conference and propose a scheduling order, including deadlines for completing discovery.

F. **Consent to Proceed Before a Magistrate Judge:** The Parties do not consent to proceed before a Magistrate Judge for all purposes.

G. **Jury Trial and Length:** The probable length of a trial is five days. A jury has been requested.

H. **Status of Settlement Discussions** The Parties are engaging in initial settlement discussions and exchanged information but have not reached a settlement.

I. **Whether the Parties Request a Settlement Conference:** Yes, the Parties would be interested in a settlement conference if they are unable to reach an agreement without the assistance of a neutral.

Dated: June 19, 2020                                  Respectfully submitted,

| | |
|---|---|
| s/David Fish | s/ Thomas E. Ahlerig  (with consent) |
| | Thomas E. Ahlering |
| David Fish | Andrew R. Cockroft |
| John Kunze | Kyle A Petersen |
| Kim Hilton | Seyfarth Shaw LLP |
| The Fish Law Firm, P.C. | 233 S. Wacker Drive, Suite 8000 |
| 200 East 5th Avenue, Suite 123 | Chicago, Illinois 60606-6448 |
| Naperville, IL 60563 | |
| (630) 355-7590 | **Attorneys for Defendant** |
| dfish@fishlawfirm.com | |
| kunze@fishlawfirm.com | |
| khilton@fishlawfirm.com | |

**Attorneys for Plaintiff**